IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

KIM L. COCHRAN,

                Plaintiff,

vs.

CAROLYN W. COLVIN,
Acting Commissioner, Social Security
Administration,

                Defendant.

Case No. 13-CV-726-GKF-FHM

## **REPORT AND RECOMMENDATION**

Plaintiff, Kim L. Cochran, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] The matter has been referred to the undersigned United States Magistrate Judge for report and recommendation.

## **Standard of Review**

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's February 15, 2011, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Lantz McLain was held July 30, 2012. By decision dated August 8, 2012, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on September 16, 2013. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## **Background**

Plaintiff was 36 years old on the alleged date of onset of disability and 57 on the date of the ALJ's denial decision. She has a high school education and over two years of college education. She has no past relevant work. Plaintiff claims to have been unable to work since October 1, 1991 as a result of back pain and dysfunction.

## **The ALJ's Decision**

The ALJ determined that prior to the date last insured, March 31, 2000, Plaintiff had the residual functional capacity (RFC) to occasionally lift and/or carry 20 pound and frequently lift and/or carry 10 pounds. In an eight hour workday she could stand and/or walk at least 6 hours and was able to sit at least 6 hours, all with normal breaks. She could engage in no more than occasional stooping. [R. 18]. Based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant

2

is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

### **Plaintiff's Allegations**

Plaintiff asserts that the ALJ failed to fully develop the record and the RFC is not supported by substantial evidence.

### **Analysis**

#### Development of the Record

Plaintiff made application for disability insurance under Title II of the Social Security Act. Title II, commonly known as Disability Insurance Benefits, requires that a claimant demonstrate the inability to engage in any substantial gainful activity by reason of any medically determinable medical or mental impairment or combination of impairments before the date last insured. Plaintiff's date last insured was March 31, 2000. Accordingly, regardless of her current condition, Plaintiff was required to demonstrate disability on or before March 31, 2000, to qualify for benefits.

Plaintiff was represented by counsel at the hearing before the ALJ. Counsel and the ALJ discussed the fact that the only application pending was a Title II application. [R. 27-28]. The ALJ inquired of counsel whether the file was complete and counsel replied that it was:

> As far as going back in time, Your Honor, I'd say yes, it's complete. There's additional information out there that we're just not able to get for a couple of different reasons so I think it's complete as far as what we can get.

3

[R. 29]. No request was made of the ALJ to assist in obtaining records, and no additional records were submitted to the Appeals Council as permitted by the regulations. 20 C.F.R. § 404.970(b).

The Commissioner has the duty to develop an adequate record relevant to the issues raised. However, an ALJ is normally entitled to rely on the claimant's counsel to structure and present the case. See *Hawkins v. Chater,* 113 F.3d 1162, 1164 (10th Cir.1997). And, the claimant is responsible for furnishing medical evidence of claimed impairments. *See* 20 C.F.R. §§ 404.1512(a), (c). The undersigned finds that under the circumstances presented in this case, there is no merit to Plaintiff's assertion that the ALJ failed to develop the record by obtaining additional records or re-contacting the consultative examiner.

Further, there is no indication that the records were insufficient for the ALJ to make a decision. He stated the record does not contain sufficient evidence to support the claimant's description of her condition prior to the date last insured. [R. 20]. The ALJ also stated it was reasonable to believe that if Plaintiff were disabled in the early 1990s, she would not have waited until May 2009 to file a disability application. *Id.* In addition, the ALJ found it informative that neither Plaintiff, nor her attorney submitted any treatment records from the period from 1992 to 2000 as it is reasonable to expect that if Plaintiff believed herself disabled, she would have had some medical during that time. *Id.*

### RFC Determination

Plaintiff's assertions that the RFC is not supported by the record are without merit. It is Plaintiff's responsibility to furnish medical evidence of her claimed impairments. 20 C.F.R. §§ 404.1512(a), (c). The relevant time frame in this case is from the alleged date of onset, October 1, 1991 to the date last insured, March 31, 2000. The ALJ accurately

4

summarized the medical evidence that related to that time period. [R. 19]. Those records encompassed the two month period from September 14, 1991 to November 14, 1991. The ALJ found that these records do not contain sufficient evidence to support Plaintiff's description of her condition prior to her date last insured. The undersigned finds that conclusion to be supported by substantial evidence.

To the extent Plaintiff's argument can be read as suggesting that the RFC is unsupported by substantial evidence because there is no medical evidence as to each aspect of the RFC, that argument is rejected as unsupported by the relevant law. The Tenth Circuit recently stated it "disagree[d] with claimant's implicit argument that the agency, not the claimant, has the burden to provide evidence of claimant's functional limitations." *Howard v. Barnhart*, 379 F.3d 945, 948 (10th Cir. 2004). The Court observed that a recent Social Security final rule made clear that the agency's burden at step five does not include the burden to provide medical evidence in support of an RFC assessment, unless the ALJ's duty to further develop the record is triggered. *Id.* The Court also rejected the argument that there must be specific, affirmative medical evidence in the record as to each requirement of an exertional work level before an ALJ can determine RFC within that category. *Id.* at 949.

## Conclusion

The undersigned United States Magistrate Judge finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts and further that there is substantial evidence in the record to support the ALJ's decision. Accordingly, the undersigned United States Magistrate Judge RECOMMENDS that the decision of the Commissioner finding Plaintiff not disabled be AFFIRMED.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before February 10, 2015.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 27th day of January, 2015.

*/s/ Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE