# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

KIM L. COCHRAN, )
 )
          Plaintiff, )
 )
v. )
 ) Case No. 13-CV-726-GKF-FHM
CAROLYN W. COLVIN, Acting )
Commissioner, Social Security )
Administration, )
 )
          Defendant. )

## OPINION AND ORDER

Before the court is the Report and Recommendation of United States Magistrate Judge Frank H. McCarthy on the judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits [Dkt. #19] and the Objections thereto filed by plaintiff, Kim L. Cochran ("Cochran"). [Dkt. #20]. The Magistrate Judge recommended the Commissioner's decision be affirmed. Cochran objects to the Magistrate Judge's Report and Recommendation, arguing (1) the ALJ failed to obtain records from a rehabilitation facility and nursing home in which Cochran resided, (2) the ALJ inappropriately discounted the opinions of consulting examiner Dr. Beard, and (3) the narrative statement accompanying the ALJ's RFC determination did not adequately explain the relationship between the evidence and the specific limitations of the RFC. For the reasons below, the court adopts the Magistrate Judge's recommendation and affirms the Commissioner's decision denying benefits.

### I. Procedural History

Cochran filed her application for disability benefits on February 15, 2011. [Dkt. #10-5, pp. 2-4]. The Social Security Administration denied the application initially and on

reconsideration. [Dkt. #10-4, pp. 4-14, 16-22]. ALJ Lantz McClain held an administrative hearing on July 30, 2012. [Dkt. #10-2, p. 26 *et seq.*]. By decision dated August 8, 2012, the ALJ found that Cochran was not disabled. [*Id*. at 13-25]. On September 16, 2013, the Appeals Council denied review. [*Id*. at 7-10]. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. §§ 404.981, 416.1481.

## II. Standard of Review

Pursuant to Fed. R. Civ. P. 72(b)(3), "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." However, even under a *de novo* review of such portions of the Report and Recommendation, this court's review of the Commissioner's decision is limited to a determination of "whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* It is more than a scintilla, but less than a preponderance. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). The court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991)). Even if the court would have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1500 (10th Cir. 1992).

### III. Rehabilitation Facility and Nursing Home Records

Cochran's first objection is that the ALJ did not fulfill his duty to develop the record when he failed to obtain medical evidence from a rehabilitation facility and nursing home in which Cochran resided during the relevant time period.[1] Cochran notes, correctly, that the Commissioner bears the burden of proof at step five of the disability determination analysis. And yet, the ALJ's duty to develop the record "is not a panacea for claimants . . . which requires reversal in any matter where the ALJ fails to exhaust every potential line of questioning." *Glass v. Shalala*, 43 F. 3d 1392, 1396 (10th Cir. 1994). The ALJ ordinarily is entitled to rely on the claimant's counsel to structure and present the claimant's case. *Hawkins v. Chater*, 113 F. 3d 1162, 1167 (10th Cir. 1997). In this case, as the Magistrate Judge noted, the ALJ asked Cochran's lawyer if the file was complete. [Dkt. #10-2, p. 30]. The lawyer explained that the record was as complete as possible, and that the only other information of which the lawyer was aware could not be obtained. [*Id*.]. In that context, Cochran's passing reference to the rehabilitation facility and nursing home, [*Id*., pp. 34-35], was not enough to require the ALJ to conduct a separate investigation into records from those facilities. Cochran's objection is overruled.

### IV. Dr. Beard's Opinions

Cochran also argues the ALJ discounted the opinions of consulting examiner Dr. Kip Beard. Dr. Beard's analysis focused on Cochran's physical state at the time of the examination in 2011, and relied on the same sparse medical records for the relevant period from 1991 to 2000. [Dkt. #10-7, p. 153-166]. The ALJ considered Dr. Beard's opinions, but found that because the evaluation was "done 20 years after the claimant's original back surgeries," Dr.

---

[1] Cochran has a date last insured of March 31, 2000, and a date of alleged onset of October 1, 1991. As a result, the question before the Commissioner was whether there was a period of disability between October 1, 1991 and March 31, 2000. *See* 42 U.S.C. §§ 416(i)(3)(B), 423(c)(1)(B).

Beard's opinions as to Cochran's state in 2011 did not "provide any real support for making any conclusions of the claimant's status prior to [March 31, 2000]." [Dkt. #10-2, p. 21].

Cochran identifies two alleged errors in the ALJ's treatment of Dr. Beard's evaluation. First, Cochran argues the ALJ should have credited Dr. Beard's opinions as a retrospective diagnosis. Unfortunately, Dr. Beard's report does not contain a retrospective diagnosis covering the relevant period, or any past period for that matter. He simply describes the post-operative reports in the record from 1991. [Dkt. #10-7, pp. 155-56].

Second, Cochran argues the ALJ should have followed up with Dr. Beard to ask for his assessment of Cochran's abilities during the relevant period. Such a request would have been pointless, as Dr. Beard reviewed the same, sparse post-operative evidence from the fall of 1991 that was presented to the ALJ. [*Id*.]. Dr. Beard specifically noted that "[t]here are no further records." [*Id*.]. Given that there were no further records, Dr. Beard could only have relied on Cochran's own statements about her condition from the relevant period. The ALJ heard Cochran's testimony at the hearing, and assessing a claimant's credibility is the special province of the ALJ. *See Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) ("[s]ubjective measures of credibility . . . and the consistency or compatibility of nonmedical testimony with objective medical evidence" are "peculiarly within the judgment of the ALJ."). Any conclusions Dr. Beard might have drawn based on Cochran's own statements about her condition during the relevant period would have been cumulative of the evidence presented during the hearing. The ALJ did not have a duty to request additional opinion evidence from Dr. Beard. Cochran's objection is overruled.

## V. RFC Narrative Statement

Finally, Cochran argues the ALJ's narrative discussion supporting the RFC is inadequate under SSR 96-8p, which requires the ALJ to describe "how the evidence supports each conclusion." The Tenth Circuit has clarified this requirement in *Howard v. Barnhart*, 379 F.3d 945, 947 (10th Cir. 2004) and in *Ledford v. Barnhart*, 197 F.App'x 808, 811 (10th Cir. 2006). In *Howard*, the court upheld an ALJ's narrative discussion where the ALJ discussed all of the relevant medical evidence, none of the record medical evidence conflicted with the RFC, and substantial evidence in the record supported the RFC. *Howard*, 379 F.3d at 947. By contrast, in *Ledford*, the Tenth Circuit found a narrative discussion inadequate where, unlike the ALJ in *Howard*, "the ALJ did not provide a detailed discussion of all of the relevant medical evidence." *Ledford*, 197 F.App'x at 811.

In this case, the ALJ provided a detailed description of all of the relevant medical evidence. As noted above, much of the evidence in the record—including the opinions of Dr. Beard regarding Cochran's state in 2011, heavily cited by Cochran in her objection on this point—was not relevant to the time period for which Cochran seeks benefits. In the narrative statement, the ALJ described Dr. Beard's report and explained why it was not relevant to whether Cochran was disabled during the relevant period. [Dkt. #10-2, p. 21]. No more was required. Cochran's objection is overruled.

## VIII. Conclusion

For the reasons set forth above, Cochran's Objections to the Magistrate Judge's Report and Recommendation [Dkt. #20] are overruled, the Magistrate Judge's Report and Recommendation [Dkt. #19] is adopted, and the decision of the Commissioner is affirmed.

5

ENTERED this 4th day of March, 2015.

                                             GREGORY K. FRIZZELL, CHIEF JUDGE
                                             UNITED STATES DISTRICT COURT